IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | NO. 3-07-CR-0203-N(01) |
| | § | NO. 3-08-CV-1282-N |
| EFREN MARTINEZ | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Efren Martinez, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be dismissed without prejudice.

I.

Defendant pled guilty to conspiracy, unlawful transfer and possession of false identification documents, unlawful possession of false document-making instruments, and aggravated identity theft in violation of 18 U.S.C. §§ 1028(a)(2), (a)(3), (a)(5), (f) & 1028A. Punishment was assessed at a total of 48 months confinement, followed by supervised release for a period of two years. Defendant, through his attorney, timely appealed his conviction and sentence. That appeal is currently pending before the Fifth Circuit. *United States v. Martinez*, No. 08-10255. On July 29, 2008, defendant, appearing *pro se*, filed a motion for post-conviction relief under 28 U.S.C. § 2255.[1]

---

[1] Although defendant purports to bring this action under 28 U.S.C. § 2241, a motion to vacate under 28 U.S.C. § 2255 is the exclusive means for a federal prisoner to challenge his conviction and sentence, unless such a motion would be inadequate or ineffective to test the legality of detention. *See Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir.), *cert. denied*, 124 S.Ct. 950 (2003). Defendant does not allege, much less prove, that section 2255 is an inadequate or ineffective remedy in this case.

II.

In two grounds for relief, defendant contends that: (1) he received ineffective assistance of counsel at sentencing; and (2) his consecutive two-year sentence for aggravated identity theft is illegal.

III.

"[A] criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal." *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988), *cert. denied*, 109 S.Ct. 2450 (1989), *citing Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972). Where, as here, a defendant seeks section 2255 relief while a direct appeal is pending, the district court should decline to address the motion. *See, e.g. Canales v. United States*, No. 3-07-CV-0078-L, 2007 WL 646189 at *1 (N.D. Tex. Feb. 28, 2007) (defendant may not seek post-conviction relief while direct appeal is pending); *Risby v. Wendt*, No. 3-04-CV-0291-R, 2004 WL 828067 at *5 (N.D. Tex. Apr. 15, 2004), *rec. adopted*, 2004 WL 937013 (N.D. Tex. Apr. 29, 2004), *appeal dism'd*, No. 04-10533 (5th Cir. Nov. 15, 2004) (construing application for writ of habeas corpus as a section 2255 motion and dismissing case without prejudice because underlying criminal conviction was on appeal); *United States v. Norwood*, No. 7-06-CV-187-R, 2006 WL 3350207 at *1 (N.D. Tex. Nov. 15, 2006) (dismissing section 2255 motion as "premature" where direct appeal was pending).

## RECOMMENDATION

It plainly appears from the face of the motion and the record of prior proceedings that defendant is not entitled to post-conviction relief at this time. Accordingly, defendant's motion to correct, vacate, or set aside his sentence should be summarily dismissed without prejudice. *See* Rule 4(b), Rules Governing Section 2255 Cases.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 29, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE